**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KAREN LANE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LOCAL 827 I.B.E.W., AFL-CIO,<br><br>　　　　　Defendant. | Civil Action No. 22-6412 (MAS) (LHG)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

　　This matter comes before the Court on Plaintiff Karen Lane's ("Plaintiff") Motion to Remand. (ECF No. 5.) Defendant International Brotherhood of Electrical Workers, Local 827 ("Defendant" or the "Union") opposed (ECF No. 9), and Plaintiff did not file a reply brief. The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's Motion is denied.

**I.　BACKGROUND**

　　The facts of this case are quite straightforward. Plaintiff is a former officer (Vice President) and member of the Union. (Def.'s Notice of Removal ("NOR") ¶¶ 5-6, ECF No. 1.) The terms and conditions of her employment were governed by the Constitution of the International Brotherhood of Electrical Workers ("IBEW Constitution") and the Bylaws of the Union ("Union Bylaws"). (*Id.* ¶ 8.) According to Article XIII, "Benefits," Section 1(a) of the Union Bylaws, elected officers shall be provided "comparable holiday, vacation[,] and sickness treatment" as those received by

members of the Union under the terms of the collective bargaining agreement entered into between the Union and the Verizon New Jersey Plant Collective Bargaining Agreement ("Verizon CBA"). (Union Bylaws 23, *id.* Ex. C, ECF No. 1-3.) Relying on Article III, Section 7 of the Verizon CBA, Plaintiff contends that she is entitled to payment of approximately 28 accrued, unused vacation days for 2019. (NOR ¶ 10; Compl. ¶ 9, ECF No. 1-1.) Because Defendant allegedly refused to make the payment for those unused vacation days, Plaintiff alleges that Defendant breached its contractual duty to her. (Compl. ¶ 24.)

This case was brought pursuant to Section 301 of the Labor Management Relations Act ("LMRA"). (*See generally* Pl.'s Moving Br., ECF No. 5-1.) Specifically, on September 27, 2022, Plaintiff commenced this case in the Superior Court of New Jersey, alleging violations of Article XIII, Section 1(a) of the Union Bylaws, and Article III, Section 7 of the Verizon CBA. (*See generally* Compl.) Defendant removed the case to this Court on November 2, 2022, asserting that federal subject matter jurisdiction is proper under Section 301 of the LMRA. (NOR ¶ 6.) On November 10, 2022, Plaintiff moved to remand the case back to state court on the grounds that the case does not come under the scope of Section 301 of the LMRA. (Mot. 1, ECF No. 5-1.) The Motion to Remand is ripe for resolution.

**II.   LEGAL STANDARD**

    **A.   Motion to Remand**

In the Third Circuit, removal statutes are strictly construed, and remand is favored when doubt exists as to the propriety of removal. *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985). The general removal statute permits a defendant in a state court action to remove the suit to federal district court if federal subject matter jurisdiction existed when the complaint was initially filed. *See* 28 U.S.C. § 1441(a). The burden of establishing that there is federal subject

matter jurisdiction is borne by the removing party. *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). Following removal, the district court must remand the action to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). When presented with an argument for remand, the removing defendant must shoulder the burden of establishing the validity of removal and the existence of federal jurisdiction. *Boyer*, 913 F.2d at 111.

### B. Federal Question Jurisdiction

When determining the presence of federal question jurisdiction in support of removal, the "well-pleaded complaint rule" governs. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under this rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* Generally, courts disregard assertions of federal defenses, be they "the preclusive effect of a prior federal judgment, or the pre-emptive effect of a federal statute, [as these] will not provide a basis for removal." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) (citations omitted). There is, however, an exception to the well-pleaded complaint rule: complete preemption. The "complete preemption doctrine" dictates that once an area of state law is pre-empted by federal law, "any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar*, 482 U.S. at 393; *cf. Newmark Pioneer, LLC v. Data Trace Info. Solutions, LLC*, No. 11-376, 2012 WL 1854093, at *4 (D.N.J. May 21, 2012) ("[The] exception applies only when a plaintiff pleads state law claims that should have been brought as federal claims under a federal statute that completely preempts the state law claims."). "Thus a state [law] claim may be removed to federal court . . . when a federal statute wholly displaces the state-law cause of action through complete pre-emption." *Beneficial Nat'l Bank*, 539 U.S. at 8. While courts

3

rarely find federal statutes to have such complete preemptive power, the Supreme Court has held that purported violations of Section 301 of the LMRA may be subject to the complete preemption doctrine. *Caterpillar*, 482 U.S. at 393. However, preemption of state law claims under the LMRA is limited in scope: "The LMRA has no preemptive effect where there are state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract, or where the state law claim can be resolved without substantially interpreting the collective bargaining agreement itself." *Medley v. Atl. Exposition Servs., Inc.*, 550 F. Supp. 3d 170, 191-92 (D.N.J. 2021) (internal quotation marks and citations omitted).

### III. DISCUSSION

Regarding the scope of Section 301 of the LMRA, Plaintiff contends that subject matter jurisdiction is improper because "this is not a suit 'between' an employer and a labor organization" as contemplated by the LMRA. (Pl.'s Moving Br. 1.) Defendant responds that the scope of Section 301 of the LMRA is much broader than the literal reading of the LMRA: it extends to "suits between a member and a labor organization based upon an alleged breach of an international union's constitution and/or local union's bylaws." (Def.'s Opp'n Br. 8-9, ECF No. 9; NOR ¶ 12.) The Court agrees with Defendant.

Section 301 of the LMRA states that "suits for violation of contracts between an employer and a labor organization representing employees . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. 185(a). The word "between" in Section 301 refers to "contracts," not "suits." *Wooddell v. Int'l Bhd. of Elec. Workers, Loc. 71*, 502 U.S. 93, 98 (1991) (citation omitted). "[A] suit properly brought under § 301 must be a suit either for violation of a contract between an employer and a labor organization representing employees in

4

an industry affecting commerce or for violation of a contract between such labor organizations." *Id.* Collective bargaining agreements between an employer and a labor organization and union constitutions that represent a form of contract between labor organizations are examples of contracts that come under the scope of Section 301 of the LMRA. *Id.* at 101. An individual union member, when alleging violation of a type of contract discussed above, may bring a lawsuit against his or her union under the scope of Section 301 of the LMRA. *Id.* at 103. When the type of contract fits under the scope of Section 301 of the LMRA, "the preemptive reach of Section 301 of the LMRA encompasses not only state-law claims that are directly based on a collective bargaining agreement but also all those [claims] that are 'substantially dependent upon analysis of the terms' of the agreement." *Wheeler v. Graco Trucking Corp.*, 985 F.2d 108, 113 (3d Cir. 1993) (citation omitted).

Here, the Court finds that federal subject matter jurisdiction under Section 301 of the LMRA is proper. The IBEW Constitution is binding upon the Union Bylaws and is incorporated into the Union Bylaws. (*See* IBEW Constitution 46, Def.'s Opp'n Br. Ex. A, ECF No. 9-2.) It, therefore, satisfies the requirement on the type of contracts that ordinarily come under the scope of Section 301 of the LMRA. In correspondence by Plaintiff's counsel to clarify the record, Plaintiff acknowledges that "she maintained Union membership in good standing during her tenure as Vice President." (Pl.'s Correspondence, ECF No. 10.) Additionally, Article XVI, Section 10 of the IBEW Constitution states that "[n]o member shall be nominated for office unless . . . [s]he has been a member in continuous good standing . . . ." (IBEW Constitution 54.) Since Plaintiff was a Vice President of the Union, she was, by default, a member of the Union. To determine whether the Union's treatment of Plaintiff's vacation leave could be considered comparable to those offered to members of the Union under the Verizon CBA, an analysis of the terms of the Union Bylaws

and the IBEW Constitution is necessary. Plaintiff's breach of contract claim is, therefore, "substantially dependent" on analysis of the Union Bylaws and the IBEW Constitution. The Court, accordingly, concludes that her state-law claim is preempted by Section 301 of the LMRA.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is denied. The Court will enter an Order consistent with this Memorandum Opinion.

*[signature]*

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**