**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KAREN LANE,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>LOCAL 827 I.B.E.W., AFL-CIO,<br><br>　　　　　　　Defendant. | Civil Action No. 22-6412 (MAS) (JBD)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant International Brotherhood of Electrical Workers, Local 827's ("Defendant" or the "Union") Motion to Dismiss (ECF No. 13) Plaintiff Karen Lane's ("Plaintiff") Complaint (ECF No. 1-1). Plaintiff opposed (ECF No. 17), and Defendant replied (ECF No. 20). The parties also each filed a sur-reply. (ECF Nos. 23, 26.) The Court has considered the parties' written submissions and decides the Motion without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Defendant's Motion is denied.

**I.　BACKGROUND**

**A.　Statement of Facts**

There are only two parties in this litigation: Plaintiff, and the Union. (*See* Compl. ¶¶ 2-3, ECF No. 1-1.) Plaintiff is a former officer and member of the Union, a labor organization, in the Union's Plant and Engineering Department, and was employed from April 2013 to March 2022.

(Compl. ¶¶ 5-6; Def.'s Moving Br. 3, 4 n.2, ECF No. 13.) Beginning in March 2019 until around February 2020, Plaintiff went on disability leave.[1] (Compl. ¶ 7.)

When Plaintiff returned from disability leave in 2020, the Union notified Plaintiff that she had approximately 28 unused vacation days for 2019. (*Id.* ¶ 8.) In response, Plaintiff informed the Union that she wished to be paid for her 28 unused vacation days. (*Id.* ¶ 9.) The Union subsequently held an Executive Board meeting by telephone conference, where the Union decided to not: (1) pay Plaintiff in lieu of taking those vacation days; and (2) permit Plaintiff to schedule the 28 vacation days through August 2020. (*Id.* ¶¶ 10-13.) As a result, the Union informed Plaintiff that she had forfeited her 28 vacation days. (*Id.* ¶ 14; *see also* Def.'s Moving Br. 4.)

Plaintiff cites to relevant documents to assert that she is entitled to the payment of the 28 unused vacation days. (*See* Compl. ¶¶ 17-21.) There are three relevant documents: (1) the Union's Constitution (Union Constitution, Ex. B, ECF No. 1-2 [hereinafter "Union Constitution"]); (2) the Union's Bylaws (Union Bylaws, Ex. C, ECF No. 1-3 [hereinafter "Union Bylaws"]); and (3) the Verizon New Jersey Plant Collective Bargaining Agreement (Collective Bargaining Agreement between the Union and Verizon New Jersey, Ex. D, ECF No. 1-4 [hereinafter "Verizon CBA"]).[2] (*See id.*)

The terms and conditions of Plaintiff's employment were governed by the Union Constitution and the Union Bylaws. (Def.'s Notice of Removal ["NOR"] ¶ 8, ECF No. 1; *see id.*) According to Section 1(a) of Article XIII in the Union Bylaws, entitled "Benefits," elected officers

---

[1] Plaintiff briefly returned to work from approximately July 1, 2019 through July 16, 2019. (Compl. ¶ 7.)

[2] The Union explains that the Verizon CBA is a collective bargaining agreement between the Union and Verizon New Jersey. (Def.'s Moving Br. 1.) The parties do not provide additional context as to the relationship between the Union and Verizon, Plaintiff and Verizon, or the relationship between the three relevant documents. (*See generally* Compl.; Def.'s Moving Br.) Notably, Verizon is not a named party to this litigation. (*See* Compl. ¶ 2-3.)

2

shall be provided "*comparable* holiday, vacation[,] and sickness treatment" as those received by members of the Union under the terms of the Verizon CBA. (Compl. ¶ 17 (emphasis added); Def.'s Moving Br. 1, 7-9.) Relying on Article III, Section 7[3] of the Verizon CBA, Plaintiff alleges that—as a former officer—she was entitled to payment for the approximately 28 accrued, unused vacation days for 2019. (Compl. ¶ 9; NOR ¶ 10.) The Verizon CBA states:

> When an employee is unable to take a previously scheduled vacation for reasons beyond h[er] control, such as accident or sickness disability, the Company,[4] after the employee has returned to work, will reschedule the vacation within the calendar year. In the event . . . such absence continue[s] to the end of the year or extends into the following year, the Company will reschedule the vacation in the following year, or pay in lieu of vacation, at its option.

(Compl. ¶ 18 (citing Verizon CBA art. III, § 7, at 11).) Plaintiff alleges that the Union breached its contractual duty to her because Plaintiff was unable to take vacation due to her disability leave. (*Id.* ¶ 24.) As such, Plaintiff seemingly takes the position that the Union, instead of unilaterally forfeiting those vacation days, should have: (1) paid Plaintiff for her unused vacation days (as Plaintiff requested); or (2) alternatively allowed Plaintiff to reschedule her vacation days in 2020. (*See id.* ¶¶ 17-24.)

Plaintiff avers that the Union, in prior litigation, interpreted the Verizon CBA provisions to represent that "vacation pay is an earned, vested right, which may not be taken from employees" and "that employees [should] be compensated for accrued vacation days which were unable to be

---

[3] The Union notes that Plaintiff's citation to Article III, Section 7 of the Verizon CBA is mistaken because the provision does not apply to Plaintiff. (Def.'s Moving Br. 4 n.2.) The Union asserts that Plaintiff should have cited to Exhibit 1, Section 3 of the Verizon CBA, which applies to employees in the Plant and Engineering Departments, like Plaintiff. (*Id.*) The Union acknowledges, however, that the language quoted by Plaintiff is included in both provisions. (*Id.*)

[4] The Verizon CBA indicates that the "Company" refers to Verizon New Jersey Inc. and Verizon Services Corp., which are corporations organized under the laws of the State of New Jersey. (Verizon CBA 4.)

3

used due to disability leave." (*Id.* ¶¶ 19-20.) Additionally, Plaintiff alleges that the Union has arbitrated three cases regarding an employee's right to payment for accrued, unused vacation time, in which the arbitrator ultimately held for those respective employees. (*Id.* ¶¶ 22-23.)

### B.   Procedural History

On September 27, 2022, Plaintiff commenced this case in the Superior Court of New Jersey, alleging violations of Article XIII, Section 1(a) of the Union Bylaws, and Article III, Section 7 of the Verizon CBA. (*See generally id.*) On November 2, 2022, Defendant removed the case to this Court, asserting that federal subject matter jurisdiction is proper under Section 301 of the Labor Management Relations Act (the "LMRA"), 29 U.S.C. § 185. (ECF No. 1.) On November 10, 2022, Plaintiff moved to remand the case back to state court on grounds that the case does not come under the scope of Section 301 of the LMRA. (ECF No. 5-1.) On June 29, 2023, the Court found that Plaintiff's state-law claim is preempted by Section 301 of the LMRA and denied Plaintiff's Motion to Remand. (ECF Nos. 10-11.) Defendant subsequently filed the instant Motion to Dismiss. (ECF No. 13.)

## II.   LEGAL STANDARD

A district court conducts a three-part analysis when considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)[5]. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must identify "the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must identify and accept as true, all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court can discard bare legal conclusions or factually unsupported accusations that merely state

---

[5] Hereinafter, all references to a "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

4

the defendant unlawfully harmed the plaintiff. *Iqbal*, 556 U.S. at 678 (citing *Twombly v. Bell Atl. Corp.*, 550 U.S. 544, 555 (2007)). Third, the court must determine whether "the [well-pleaded] facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

### III. DISCUSSION[6]

Plaintiff asserts a single count of breach of contract against the Union. (Compl. ¶¶ 16-25.) Specifically, Plaintiff alleges that the Union breached its contractual duty "by unilaterally forfeiting Plaintiff's accrued vacation days[,] to which she has an earned and vested right[,]" instead of compensating her for the vacation days or allowing her to reschedule them, even though she was unable to use the vacation days due to her disability leave. (*See id.* ¶¶ 18, 24.) In seeking to dismiss Plaintiff's Complaint, the Union argues: (1) Plaintiff fails to state a claim upon which

---

[6] "As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings. However, an exception to the general rule is that a document integral to or explicitly relied upon in the complaint may be considered . . . ." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir.1997) (emphasis omitted) (internal quotation marks and citations omitted). Here, the Court considers the Union Constitution, Union Bylaws, and Verizon CBA because Plaintiff relies on them in her Complaint. (*See generally* Compl.)

relief may be granted; (2) Plaintiff failed to exhaust internal remedies;[7] and (3) Plaintiff failed to join a necessary party. (Def.'s Moving Br. 7, 10, 11) The Court considers these arguments below.

### A.     Failure to State a Claim

The Union asserts that the Union Bylaws only require "the Union [to] provide holiday, sick, and vacation benefits to its officers which are *comparable* to those set forth in the Verizon CBA." (Def.'s Moving Br. 1.) Accordingly, the Union argues that Plaintiff is improperly alleging that she should be "entitled to *identical* holiday, vacation, and sickness treatment" as those under Verizon CBA's policies, against the plain language of the Union Bylaws. (*Id.* at 8-9.)

At the motion to dismiss stage, "the Court may dismiss a breach of contract claim for failure to state a claim if the 'plain language' of the contract contradicts or fails to support the plaintiff's allegations of breach. [To do so, t]he Court must first determine whether the contractual language is ambiguous." *Abramson v. Affinity Fed. Credit Union*, No. 20-13104, 2021 WL 3885325, at *5 (D.N.J. Aug. 31, 2021) (quoting *Galgano v. TD Bank, N.A.*, No. 20-5623, 2021 WL 2472331, at *3 (D.N.J. June 17, 2021)). "A term is ambiguous if it is subject to reasonable alternative interpretations." *Gould v. Great-W. Life & Annuity Ins. Co.*, 959 F. Supp. 214, 220 (D.N.J. 1997) (citing *Taylor v. Cont'l Grp. Change in Control Severance Pay Plan*, 933 F.2d 1227, 1232 (3d Cir. 1991)). Before the Court decides whether a contract is ambiguous, the Court must "consider the contract language, the meanings suggested by counsel, and the extrinsic evidence offered in support of each interpretation." *Emerson Radio Corp. v. Orion Sales, Inc.*, 253 F.3d 159, 164 (3d

---

[7] In its Reply Brief, the Union argues "that Article XXV of the Union Bylaws provided an internal dispute resolution mechanism" which was available to, but not utilized, by Plaintiff. (Def.'s Reply 1 n.1, ECF No. 20.) The Union asserts, however, that upon further consideration, it "determined that it will need to set forth facts to support this defense which would exceed the scope of a motion to dismiss[,]" and therefore, reserved its right to assert the defense in future proceedings if necessary. (*Id.*) The Court, therefore, only considers the Union's first and third arguments from its Motion.

Cir. 2001) (citation and internal quotation marks omitted)). "Extrinsic evidence may include the structure of the contract, the bargaining history, and the conduct of the parties that reflects their understanding of the contract's meaning." *Biovail Corp. Int'l v. Hoechst Aktiengesellschaft*, 49 F. Supp. 2d 750, 774 (D.N.J. 1999) (quoting *Teamsters Indus. Emps. Welfare Fund v. Rolls-Royce Motor Cars, Inc.*, 989 F.2d 132, 135 (3d Cir. 1993)). The court is to "consider what was written in light of the circumstances under which it was written, and give to the language a rational meaning consistent with the expressed general purpose." *Id.* at 774-75 (quoting *Dontzin v. Myer*, 694 A.2d 264, 267-68 (N.J. Super. Ct. App. Div. 1997)).

The term at issue here, "comparable," is undefined in the Union Bylaws, or even in the Union Constitution and Verizon CBA. (*See generally* Union Bylaws; Union Constitution; Verizon CBA.) The meanings provided by the parties suggest reasonable alternative interpretations: the Union argues that comparable does not mean identical (Def.'s Moving Br. 7-9), while Plaintiff asserts that "contract terms do not have to be identical in order to be comparable, but contract terms which are identical are also not inconsistent with terms which are comparable . . . ." (Pl.'s Opp'n Br. 3, ECF No. 17). Finally, Plaintiff offers extrinsic evidence consisting of previous litigation and arbitration cases. (Compl. ¶¶ 19-20, 22-23.) Specifically, Plaintiff argues that the Union has taken certain positions in prior litigation regarding the interpretation of terms in the Verizon CBA, and that the Union has arbitrated cases regarding payout of accrued unused vacation time.[8] (*Id.*) Plaintiff, however, fails to cite specific cases or allege factual support to show that the prior litigation and arbitration handled substantively the same issues and facts as this instant case.

---

[8] The Union makes the distinction, however, that interpretation of the terms in the Verizon CBA at arbitration hearings or arguments advanced by the Union in such hearings is not an interpretation of the Union Bylaws and are thus not binding upon the Union with respect to its own vacation policy. (Def.'s Moving Br. 9 & n.5.)

The Court, therefore, is not convinced that such prior cases should be considered as relevant extrinsic evidence here.

Nevertheless, "[a]t this juncture, and construing all facts in favor of [Plaintiff], it is simply too early to determine whose interpretation of the relevant provision is correct . . . ." *Biovail Corp. Int'l*, 49 F. Supp. 2d at 775 ("[T]his court cannot say that the 'plain meaning of a contract phrase . . . spring[s] unambiguously from the page . . . .'" (quoting *RCI Ne. Servs. Div. v. Bos. Edison Co.*, 822 F.2d 199, 202 (1st Cir. 1987))). Indeed, the term "comparable" is ambiguous in that it may have alternative meanings in the context of benefits and compensation. Based on the two reasonable interpretations the parties provide as to the meaning of "comparable," at this stage, the Court will allow this claim to proceed past the pleadings and into discovery to ascertain the meaning of "comparable" as used in the Union Bylaws.[9] *See Buchmiller v. Suntuity Solar, LLC*, No. 21-20412, 2022 WL 3908070, at *3 (D.N.J. Aug. 30, 2022) ("[C]ourts are better positioned to tease out ambiguities on summary judgment." (quoting *Chambers v. Chesapeake Appalachia, LLC*, 359 F. Supp. 3d 268, 281 (M.D. Pa. 2019))); *Atlas Commc'ns Tech., Inc. v. DXC Tech. Servs., LLC*, No. 19-19033, 2020 WL 5105197, at *4 (D.N.J. Aug. 31, 2020) ("Generally, questions of contract interpretation should not be decided without the benefit of discovery and a full evidentiary record." (citation omitted)).

In sum, Defendant's Motion to Dismiss for failure to state a claim is denied.

---

[9] "Moreover, New Jersey law provides that this court may look to extrinsic evidence 'even when the contract on its face is free from ambiguity'" because "the law recognizes that the meaning of words can depend on context, and what may seem unambiguous without context . . . may be ambiguous when understood from 'the linguistic reference point of the parties.'" *Biovail Corp. Int'l*, 49 F. Supp. 2d at 775 (quoting *Am. Cyanamid Co. v. Fermenta Animal Health Co.*, 54 F.3d 177, 181 (3d Cir. 1995)) ("[P]ermitting the parties to proffer relevant extrinsic evidence" following a stage of discovery so that the Court could more readily ascertain the contract provisions).

B.      **Failure to Join a Necessary Party**

Next, the Union argues that Plaintiff's Complaint must be dismissed under Rule 19 because it does not name Verizon as a party to this suit.[10] (Def.'s Moving Br. 2, 11-12.)

Rule 19 "sets out the circumstances under which it is necessary to join an absent party and, if joinder of that party is not feasible, the factors for determining whether the absent party is indispensable to the action." *US Tech Sols., Inc.*, 2017 WL 3535022, at *2. In conducting a Rule 19 analysis, a court first "must determine whether the absent [party] should be joined as [a] 'necessary' part[y] under Rule 19(a)." *Gen. Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 312 (3d Cir. 2007). Rule 19(a)(1) provides that a party is necessary if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1) (noting that the necessary party, however, must be subject to service of process and that joinder must not deprive the court of subject-matter jurisdiction). The Union argues that Verizon is a necessary party because Plaintiff relies upon the Verizon CBA and various

---

[10] The Court notes that it is Rule 12(b)(7), not Rule 12(b)(6), that permits a court to dismiss an action for "failure to join a party under Rule 19." *Adams v. DMG Invs., LLC*, No. 21-17442, 2023 WL 158265, at *8 (D.N.J. Jan. 10, 2023) (citing Fed. R. Civ. P. 12(b)(7)). "[I]n pursuing a Rule 12(b)(7) motion to dismiss, the moving party bears the burden of showing that the absent party is both necessary and indispensable under Rule 19." *Id.* (quoting *US Tech Sols., Inc. v. eTeam, Inc.*, No. 17-1107, 2017 WL 3535022, at *2 (D.N.J. Aug. 16, 2017)). "In considering a motion under Rule 12(b)(7), the court must accept the factual allegations in the complaint as true and view those allegations in the light most favorable to the non-moving party." *Id.* (citations omitted).

arbitration awards interpretating the Verizon CBA in seeking relief.[11] (Def.'s Moving Br. 2, 11-12.) Accordingly, under Rule 19(a)(1)(B), the Union asserts that Verizon must be afforded the right to protect its vested interest in this legal proceeding where the Court will interpret the Verizon CBA and potentially impact future proceedings between the Union and Verizon. (*Id.* at 12.)

Here, the Court finds that Verizon is not a necessary party. First, there is no showing that Verizon has "claim[ed] an interest" relating to the subject of the action. *See US Tech Sols., Inc.*, 2017 WL 3535022, at *3 (dismissing defendants' Rule 19(a)(1) claim because defendants "do not contend that the [a]bsent [p]arties *claim* and [sic] interest in this litigation, just that they *have* an interest"). Second, Verizon is able to communicate and assert the contractual interpretation of its Verizon CBA through discovery mechanisms without being a party to this litigation, and thus, based on the current record, the Union has not shown that proceeding without Verizon will "impair or impede [Verizon]'s ability to protect [its] interest." *See* Fed. R. Civ. P. 19(a)(1)(B)(i). Notably, the parties "have several options to ensure a complete record, including the use of a subpoena for documents and/or testimony. Similarly, if [it] can meet the requisite standard, the [Union] can implead [Verizon] pursuant to Federal Rule of Civil Procedure 14." *Adams*, 2023 WL 158265, at *8 n.8; *see Retzlaff v. Horace Mann Ins.*, 738 F. Supp. 2d 564, 570-71 (D. Del. 2010) ("It is possible to accord complete relief between plaintiffs and [defendant] by compelling any information required from [the third party] through a subpoena or other compulsory processes.").

Finally, to the extent the Union argues that the Court's decision may impair Verizon in its future contract interpretation disputes, the Court notes that "the mere possibility of issue preclusion

---

[11] The Union concedes that "Verizon is not a necessary party under [Rule] 19(a)(1)" because "the Court could hypothetically issue a decision providing Plaintiff with her requested relief without Verizon's involvement as a party." (Def.'s Moving Br. 12.) The Union seems to have made a typographical error and instead meant to argue that Verizon is not a necessary party under Rule 19(a)(1)(A), but is a necessary party under Rule 19(a)(1)(B).

10

is not enough to satisfy Rule 19(a)(1)(B)." *See Hotaling & Co. v. LY Berditchev Corp.*, No. 20-16366, 2021 WL 3783260, at *6 (D.N.J. Aug. 26, 2021) (quoting *Pittsburgh Logistics Sys., Inc. v. C.R. Eng., Inc.*, 669 F. Supp. 2d 613, 620 (W.D. Pa. 2009)); *Huber v. Taylor*, 532 F.3d 237, 251 (3d Cir. 2008) ("[W]here the preclusive effect of an action on any related litigation is speculative, joinder of an absent party is not compulsory."). "Indeed, Rule 19(a)(1)(B)(ii) requires a 'substantial risk,' not just any risk." *Alpha 1 Adjusters, LLC v. Jorbel-Brown*, No. 15-2124, 2016 WL 3190558, at *3 (D.N.J. June 2, 2016).

Having found that the Union fails to satisfy the requirements of Rule 19(a)(1), the Court need not address whether Verizon can be feasibly joined or whether dismissal is warranted under Rule 19(b). *See id.* (citing *Temple v. Synthes Corp.*, 498 U.S. 5, 8 (1990) ("[N]o inquiry under Rule 19(b) is necessary, because the threshold requirements of Rule 19(a) have not been satisfied.")).

Accordingly, Defendant's Motion to Dismiss for failure to join a necessary party is denied.

## IV. CONCLUSION

For the reasons stated above, Defendant's Motion is denied. The Court will issue an Order consistent with this Memorandum Opinion.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**